UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OYUKY MARICELA VALTIERRA-LULE,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No. 25-cv-08790-NC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: ECF 1 |

Defendant Target Corporation removed this case brought by Plaintiff Oyuky Maricela Valtierra-Lule to this Court from Santa Clara County Superior Court on October 14, 2025. ECF 1. This Order requires Target to "show cause" by filing a written response by October 29, 2025, explaining why this case should not be remanded back to state court for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have subject matter jurisdiction through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Target argues that the Court has diversity jurisdiction in this case. ECF 1.

Target claims that there is a diversity of citizenship because Plaintiff Valtierra-Lule "is a citizen of the State of California" and Defendant Target "is a corporation incorporated under the laws of Minnesota." EC 1 ¶ 8. However, a corporation is a citizen of "every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). Here, Target did not allege its principal place of business, and thus, did not sufficiently allege its citizenship. Thus, the Court cannot assess whether complete diversity exists.

The Court finds that Target provided sufficient information to establish that the amount in controversy threshold is satisfied. ECF 1 ¶¶ 13–15.

In conclusion, Target has not established that federal subject matter jurisdiction is satisfied because it did not provide sufficient facts to allege its state citizenship. Accordingly, Target must show cause in writing by October 29, 2025, why this case should not be remanded back to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: October 15, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge